IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Derrick Simmons, | ) C/A No. 6:11-01615-JMC-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Robin B. Stilwell, Judge, | ) |
| Defendant. | ) |

The Plaintiff, Michael Derrick Simmons ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names a state court judge as the sole defendant.[1] Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

The instant § 1983 Complaint alleges that a South Carolina Circuit Judge, Robin B. Stilwell, has subjected Plaintiff to cruel and unusual punishment and has violated Plaintiff's right to "Due Process and Equal Protection of Law under the Fourteenth Amendment." (ECF No. 1 at 4.) Plaintiff states that he filed a "Motion to Set Aside Judgment" on February 12, 2010, with the Greenville County Clerk of Court and forwarded a copy of the document to the Solicitor's Office. (Id. at 3.) The Solicitor's Office "failed to file a rebuttal,"

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

thus, Plaintiff alleges that the Solicitor "has agreed to the facts that Plaintiff has been kidnapped by the State of South Carolina under the use of fraud indictments and is being held under a void judgment." (Id.) Plaintiff filed "several motions and affidavits" to resolve the matter, but Defendant Stilwell has allegedly refused "to issue a judgment enforcing the agreement between the Solicitor's Office and Plaintiff." (Id.) Plaintiff also claims that Judge Stilwell has refused to comply with an Administrative Order issued by the South Carolina Supreme Court mandating that "'all post-trial matters be disposed promptly by written order of the trial judge, but no later than sixty (60) days after the filing of such motion.'" (Id. at 4.) Plaintiff seeks an "injunctive order for an order presenting a judgment of the court enforcing the agreements between [the Solicitor] and the Plaintiff." (Id. at 5.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or

"seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal

---

[2] Screening pursuant to § 1915A is subject to this standard as well.

arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

South Carolina Circuit Judges are part of the State of South Carolina's unified judicial system. See S.C. CONST. art. V, § 1; City of Pickens v. Schmitz, 376 S.E.2d 271 (S.C. 1989); Cort Indus. Corp. v. Swirl, Inc., 213 S.E.2d 445 (S.C. 1975). As such, they have absolute immunity from a claim for damages arising out of their judicial actions. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); see also Siegert v. Gilley, 500 U.S. 226, 231 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

In addition to immunity from monetary damages, judges are also protected from claims for injunctive relief. Section 309(c) of the Federal Courts Improvement Act of 1996, Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In the instant action, Plaintiff sues Defendant Stilwell for refusing to perform a judicial act. Plaintiff does not allege that either of the prerequisites listed in § 1983 for injunctive relief were met. Therefore, Defendant Stilwell is also immune from any claim for injunctive relief that Plaintiff may be asserting. See Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999)

(barring injunctive relief against a quasi-judicial official); Gilmore v. Bostic, 636 F. Supp. 2d 496, 506 (S.D. W. Va. 2009) (collecting cases).

Finally, Plaintiff asks this court to compel Judge Stilwell to issue an order enforcing Plaintiff's alleged agreement with the Solicitor's Office. (ECF No. 1 at 5.) Thus, the Complaint seeks mandamus type relief against a state court judge. Under 28 U.S.C. § 1361, federal district courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. See United States ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502, 510-11 (4th Cir. 1999). Should Plaintiff look to 28 U.S.C. § 1651, the "all writs statute," as a source of mandamus authority, relief would still be unavailable. A writ of mandamus is limited to cases where federal courts are acting in aid of their jurisdiction. See 28 U.S.C. § 1651; Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969). Since Plaintiff seeks mandamus relief against a state court judge, the United States District Court for the District of South Carolina lacks jurisdiction under §§ 1361 and/or 1651 to grant such relief.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 29, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).