IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michael Derrick Simmons | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 6:11-cv-01615-JMC |
| | ) | |
| Robin B. Stillwell, Judge, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 9] filed on August 1, 2011, regarding Plaintiff Michael Derrick Simmons's ("Plaintiff") claim of cruel and unusual punishment in violation of 42 U.S.C. § 1983 brought against Defendant, South Carolina Circuit Judge, Robin B. Stillwell ("Defendant"). Specifically, Plaintiff requests this court to compel Defendant to issue an order enforcing an alleged agreement between Plaintiff and the Solicitor's office, which Plaintiff understands is an acknowledgment by the State that he is being imprisoned illegally under a void judgment. Plaintiff also claims that Defendant has refused to comply with an Administrative Order issued by the South Carolina Supreme Court mandating a prompt resolution of all post-trial matters no later than sixty (60) days within the filing of the motion. Plaintiff, proceeding *pro se* and *in forma pauperis*, is currently incarcerated at Tyger River Correctional Institution.

The Magistrate Judge recommends that this court summarily dismiss Plaintiff's complaint. The Report sets forth in detail the procedural history, the relevant facts and the legal standards on this matter, which the court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is

1

not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

"In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to timely file specific written objections to the Report results in a party's waiver of his right to appeal the judgment of the District Court based on such a recommendation. 28 U.S.C. § 636(b)(1); *Adams v. South Carolina*, 244 F. App'x 534, 535 (4th Cir. 2007); *Wright v. Collins,* 766 F.2d 841, 845-46 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation. [Dkt. No. 11]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff objects to the Magistrate Judge's finding that Defendant, a state circuit court judge, is absolutely immune from the instant claims for damages. Plaintiff acknowledges that judges are immune from suit for their judicial actions, but he objects to the notion that Defendant's role in this case—not enforcing Plaintiff's alleged agreement with the Solicitor's office—was judicial in nature. Plaintiff argues instead that Defendant's decision was administrative. Plaintiff relies on the United States Supreme Court's decision in *Forrester v. White*, 484 U.S. 219 (1988) for the proposition that a judge is not absolutely immune from administrative actions. The action at issue in *Forrester* was a judge's decision to fire a court employee, which the Court held was truly an internal administrative matter. *Id*. at 229. Plaintiff also cites law defining judicial acts as those involving the "performance of the function of resolving disputes between parties or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433, 113 S. Ct. 2167, 2170, 124 L. Ed. 2d 391 (1993) (quoting *Burns v. Reed*, 500 U.S. 478, 500 (1991)). In this case, Defendant's act or alleged failure to act involves an alleged agreement between Plaintiff and the Solicitor's office that allegedly impacts Plaintiff's rights vis-à-vis the State. As such, the failure to act for which Plaintiff claims relief would unquestionably be characterized as judicial rather than administrative. As a result, the court finds that the Magistrate Judge correctly determined that Defendant is immune from suit.

Plaintiff also contends that the Magistrate Judge erred in finding that the relief sought was in the nature of a writ of mandamus rather than injunctive relief. The court finds that the Magistrate Judge properly characterized the relief sought and properly found that the United States District Court lacked the jurisdiction to grant such relief.

Therefore, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court **ACCEPTS** the Report and Recommendation [Dkt. No. 9] and incorporates it herein. It is therefore **ORDERED** that Plaintiff's Complaint [Dkt. No. 1] is **DISMISSED** without prejudice.

    **IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 14, 2012
Greenville, South Carolina